## HELMUTH et al. v. PARNELL.

### No. 6799.

District Court of the United States for the District of Columbia.

Aug. 11, 1941.

Walter Bastian, of Washington, D. C., for plaintiffs.

Bernard J. Gallagher, of Washington, D. C., for defendant.

MORRIS, District Judge.

The plaintiffs, Laura D. Helmuth and C. Virginia Diedel, are the daughters and only children of Charles Diedel, deceased, and the plaintiff, Ruth Briggs Diedel, is the widow of said Charles Diedel, deceased. The last named plaintiff was appointed and qualified as administratrix of the decedent's estate, but such administration has terminated, no assets having been found during the period of administration. This action is brought against the defendant in her own right and as administratrix de son tort of the estate of Charles Diedel, deceased. It is charged that the defendant, during the last illness of the decedent, took possession of certain of his property; that the said decedent during his last illness and during the apprehension of his impending fate placed his money short-

ly prior to his death on deposit in the American Security and Trust Company, of Washington, D. C., in the joint names of himself and the defendant, and that immediately upon his demise she withdrew all of his money therefrom and kept and now has it in her possession. The matter is before the Court on a motion of the defendant to dismiss the complaint.

An action does not lie against an administrator de son tort unless it be shown that the person so charged has wrongfully intermeddled with the assets of the decedent and undertaken to perform acts which a rightfully appointed administrator or executor should perform, such as the payment of debts and similar acts of a personal representative. It is stated in the memorandum filed in opposition to the motion that there was "intermeddling" in this case, "particularly in view of the fact that defendant assumed to pay debts of the deceased after his death, and to attend to divers items of his affairs," but these matters are not alleged in the complaint. It may be that the plaintiff widow could assert that even a valid gift causa mortis cannot deprive her of the right to share in the personalty of the deceased. Railey v. Railey, D.C., 30 F.Supp. 121. But, while such a gift is suggested, the allegations are not sufficient for that purpose. The failure of the plaintiff widow, who was the duly appointed administratrix, to join herself in that capacity would not of itself defeat the action, if the complaint otherwise showed that the parties plaintiff were beneficially entitled to the relief sought.

The motion to dismiss the complaint will be allowed, with leave to the plaintiffs to amend the complaint.